## DINNIE v SCHIELE, et

Ohio Appeals, 1st Dist, Hamilton Co

No 5596.   Decided March 20, 1939

Ferd Bader, Jr., Cincinnati, for appellee.

John C. McCarthy, Cincinnati, and Robert A. Kramer, Cincinnati, for appellants.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment of the common pleas court declaring that the paper writing probated as the last will and testament of Elizabeth Dinnie, deceased, was not her last will and testament. This judgment was rendered on the verdict of the jury.

The validity of the instrument as a will was contested on three grounds:

(1)   Lack of testamentary capacity.

(2)   Undue influence.

(3)   That the writing had not been signd by the decedent.

A reading of the bill of exceptions discloses that there is no substantial evidence of either mental incapacity or undue influence.   No witness other than the mother and next friend of the contestant even suggested the possibility of lack of mental capacity or undue influence, and, on cross-examination, she testified that the decedent conversed intelligently on the morning of the day she was taken to the hospital, which was ten days after the date of this paper writing.

In the light of her testimony showing that there was no predicate for her conclusion, her opinion that the decedent lacked testamentary capacity must be disregarded. It is not evidence.

The presumption in favor of the validity of the instrument arising from its probate was corroborated by the testimony of many witnesses.

There is no evidence that any person coerced or influenced the decedent to make and sign this document, or that it expresses the will of some one else and not that of the decedent.

Upon the issue of whether the signature to the document was in the handwriting of the decedent, the mother next friend of the contestant was permitted to testify, over the objection of the contestees, that she was familiar with the decedent's handwriting, and that the signature was not her handwriting. Later, the court concluded that only an expert on handwriting was competent to testify, and instructed the jury to disregard this testimony.

Certain documents bearing the decedent's genuine signature were admitted for comparison. This was all the evidence having any tendency to prove that this signature was a forgery.

In support of the genuineness of the signature, both the attesting witnesses testified that the decedent signed in their presence and detailed the circumstances under which it was done.

In 10 R. C. L., 993 and 994, it is said:

"The most satisfactory proof of handwriting, where the party alleged to have executed the instrument is unavailable, is said to be the testimony of a witness who saw the instrument executed and is able to identify it. The next best testimony is thought to be that of witnesses who have seen the party whose writing is in controversy write, or have had access to or possession of his writings, so as to impress the character of the writing upon the mind, and are enabled to form an opinion by comparing the impression of the writing on their minds with that which may be submitted for their examination."

. Applying this rule to the facts, we conclude that the court was correct in overruling the objection to the testimony of the contestant's mother, and erred in his later ruling excluding it from the consideration of the jury. This later ruling left for the consideration of the jury only the testimony of attesting witnesses and the presumption arising from the probate in support of the genuineness of the signature, and, against its genuineness only such inference as the jury could draw from a comparison of signatures.

We have examined these genuine signatures and compared them with the disputed signature.

We are clearly of the opinion that any conclusion drawn by non-experts from any difference in the handwriting would necessarily be so tentative and inconclusive as to be manifestly outweighed by the positive testimony of the attesting witnesses, whose characters were unimpeached, and the presumption arising from the order of probate.

The judgment is manifestly against the weight of the evidence.

We find no other error in the record.

For these reasons, the judgment is reversed, and the cause remanded for a new trial.

HAMILTON, PJ, & ROSS, J, concur.